## No. 3336

### Second Circuit

### SHIELDS v. BAIN ET AL.

(November 8, 1928. Opinion and Decree.)

R. D. Fuller, of Shreveport, attorney for plaintiff, appellant.

Crow and Coleman, and Barnette and Roberts, of Shreveport, attorneys for defendants, appellees.

ODOM, J. Plaintiff alleges that he had a contract with the defendant, H. H. Bain, under the terms of which the said H. H. Bain bound and obligated himself to sell to petitioner certain real estate situated in the City of Shreveport, upon petitioner's paying to the said Bain the sum of $300.00, in installments. Alleging that he paid the said Bain $235.00 of said amount in person, and the balance of the $300.00 by and through his agent, Patsy Black Wayne, and that the said Bain now refuses to comply with his contract to make deed to petitioner, he brings this suit to force specific performance by the said Bain of his obligation to make title; and, in the alternative, he asks that in case the Court should reject his demands on said Bain for specific performance, then, in that event, he asks judgment against the said Bain for the amount which he has paid.

After alleging in Paragraph 5 of his petition, that a portion of the amount was paid by his agent, Patsy Black Wayne, who "was acting for him and in his stead" in making the said payments, he alleges that at the completion of the payments, the said H. H. Bain executed a deed conveying the said property to the said Patsy Black Wayne, and he makes the said Patsy Black Wayne a party to the suit, although he makes no specific demands upon her.

The plaintiff's demands were rejected by the District Court, and he has appealed.

## OPINION

The testimony shows that in the year 1913, the said H. H. Bain entered into a contract with the plaintiff in which he bound and obligated himself to sell to the plaintiff the property in controversy, upon the payment to him by the plaintiff of $300.00. in installments. It is clear that the plaintiff, Shields, made payments to Bain under the said contract from time to time covering a period of something like four or five years, approximating $185.00, all of which was accepted by the said Bain as part payments on the contract. But, in 1917, the plaintiff abandoned the property and went to the country to make a crop. He made no payments at all for something like a year. When he returned to the City of Shreveport, he had a conference with Bain in which it was agreed that the original contract should be rescinded and that the amounts which plaintiff had paid should be considered as rentals. The plaintiff himself admits, as a witness in his own behalf, that he agreed with Mr. Bain that the contract should be rescinded. That was some time in 1918. This agreement, having been entered into by the parties, Bain, the defendant, was under no further obligation to the plaintiff.

In the early part of 1919, Patsy Black Wayne went to the defendant, Bain, and told him that she understood the property was for sale, and he told her it was. She asked if he would sell it to her, and he replied that he would. A written contract was then entered into between Bain and the said Patsy Black Wayne to the effect that Bain would sell the said property to her for the sum of $300.00, payments to be made at $5.00 per month, the said Bain agreeing to complete title by making deed as soon as all payments were made. She made her payments promptly, and, in 1923, the said Bain conveyed the property to her by deed.

The plaintiff's admission that he abrogated his contract with defendant and agreed that the amounts which he had paid should be considered as rentals is sufficient to put an end to his contention that Bain is under any obligation whatever to him, either to make title or to return the amounts paid. Patsy Black Wayne was made defendant in the case only incidentally. There is no demand made upon her, and there could, therefore, be no judgment rendered against her.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed at plaintiff's cost in both Courts.